WELDON, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 7—April 24, 1917.*

*Criminal law: Fraudulently taking female from home for unlawful purpose.*

Evidence *held* sufficient to sustain a verdict finding defendants guilty of having fraudulently, deceitfully, and by false representations taken a female from her home for the purpose of unlawful sexual intercourse, contrary to sec. 4581c, Stats.

ERROR to review a judgment of the circuit court for Rusk county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

The plaintiff in error, hereinafter called the defendant, and T. F. Malecki were informed against, the information being in six counts. The first count charged the defendants with unlawfully enticing one Leona Christianson from her home for the purposes of prostitution and of having unlawful sexual intercourse, contrary to sec. 4387a, Stats. The second count charged the defendants with unlawfully and feloniously having enticed, etc., one Emma Leighty from her home for the purposes of prostitution and of having unlawful sexual intercourse, contrary to sec. 4581c. The third count

charged Malecki with having unlawfully assisted, advised, and encouraged the defendant *Weldon* in fraudulently enticing, etc., Emma Leighty for the purposes of prostitution and of having unlawful sexual intercourse with her. The fourth count charged the defendant *Weldon* with aiding and assisting the defendant Malecki in enticing Emma Leighty from her home for the said unlawful purpose. The fifth count charged the defendant Malecki with giving intoxicating liquor to Emma Leighty, contrary to sec. 1557, and the sixth count charged the defendant *Weldon* with giving intoxicating liquor to Leona Christianson, contrary to sec. 1557.

Upon the trial the jury found the defendant Malecki guilty of having given intoxicating liquor to Emma Leighty and the defendant *Weldon* guilty of having given intoxicating liquor to Leona Christianson, and found both defendants guilty of having fraudulently, deceitfully, and by means of false representations taken Emma Leighty from her home for the purposes specified in the second count, and acquitted them as to the other counts. Motions in arrest of judgment and for a new trial were made and overruled and the defendants were fined upon the fifth and sixth counts, and sentenced, upon the verdict finding them guilty as charged in the second count, to one year in the state prison at Waupun. Execution was stayed pending the determination of the matter on writ of error brought by the defendant *Weldon.*

For the plaintiff in error there was a brief by *McGill & Williams* of Ladysmith, and oral argument by *L. E. McGill.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

ROSENBERRY, J. The only question raised by the defendant is as to the sufficiency of the evidence to sustain the verdict of the jury as to the second count. There is abundant evidence to establish the allegation that defendants took the

complainant Emma Leighty from her home for the purposes of prostitution and of having unlawful sexual intercourse with her; that their evil intentions were frustrated was due to her determination and great powers of physical resistance and to no lack of purpose and effort on their part. The particular in which the evidence is said to be insufficient is that there is no evidence of enticement or inducement by means of fraudulent, deceitful, and false representations. From the testimony of the girls the jury had a right to believe, and their verdict shows that they did believe, that the two defendants, having an automobile, procured a quantity of liquor, went to the home of Emma Leighty for the purpose of inducing her to take an automobile ride, promised her that they would return her to her home by 11 o'clock or ten minutes prior thereto; that they then took her on a trip lasting from 8 o'clock in the evening, the time of leaving, until about 5 o'clock the next day; that they gave or offered to her liquor which they had in the car, procured other liquor, and endeavored by every means within their power, excepting the use of overpowering force, to compel her to satisfy their unlawful desires. The evidence is sufficient to sustain the finding of the jury that they had this unlawful purpose in mind at the time they went to her home to invite her to take the automobile ride with them, and that they did not disclose to her their true purpose at the time of extending the invitation. We shall not attempt a detailed statement of the evidence. Suffice it to say, we are satisfied that it sustains the verdict of the jury and that the trial court committed no error in refusing to set aside the verdict.

*By the Court.*—Judgment affirmed.